Opinion of the court by
Mr. Chief Justice ShaRebv.
The plaintiff obtained an injunction to stay the sale of property under a deed of trust executed by his intestate. Jenkins, the as-signee of the notes, and the party beneficially interested in the sale, filed his answer, and the injunction was dissolved on bill and answer, from which decree of the Chancellor, this appeal was taken. It is not necessary to enter fully into a discussion of the allegations in the bill. Even on its face, unexplained by an answer, it presents but a slight ground of equity. The administrator seems to have been actuated by a desire to protect the estate, so far as to have a decision of the proper tribunals, on the matters alledged in the bill, before the sale should take place, and by this means to insure the legality of the proceedings.
But even if the bill contained more of merit than it does, it is fully repelled by the answer of Jenkins, so far at least as he is concerned. He became the assignee of the notes, to secure the payment of which the deed of trust was given. Before he took the assignment, he, by his agent applied to Land to know whether he had any offset or defence. He was answered that the notes were given for the price of certain property purchased of Mar *479 shall, the title to which had not been perfected, but that he had no' doubt it would be. The justness of the debt was not, however, acknowledged, and here the matter rested; the agent of Jenkins refusing to take the assignment. Not long afterwards Land was in Natchez, when the matter was again canvassed. He then had an interview with Marshall, and probably received from him a satisfactory title. He subsequently saw Judge Winchester, the agent for Mr. Jenkins, assured him the notes would be paid; that the difficulty was obviated, and that the notes might be taken, and that he, Land, would make no defence against them. The answer also avers that in consequence of this assurance the assignment was taken. Here, then, was a promise to pay to one who was about to take an assignment, in consequence of which promise the assignment was taken. Whatever equity Land might have had as between himself and Marshall, was certainly waived as to Jenkins. This question was fully investigated in the case of Hamer v. Johnson, decided at the present term. It was there held that such a promise to one about to take an assignment, was binding on the party making it, and a waiver of his equity, even without further knowledge of the failure of consideration than such as the party must have had by the making of the contract, and knowing'the consideration for which the notes were given. The excuse of ignorance of failure of consideration, cannot be urged for Land. He at first stated that the contract had not been completed, in consequence of which he refused to make a positive promise. The contracting parties afterwards met and adjusted the difficulty; he stated to Jenkins that the obstacle had been removed and that the' assignment might be taken with safety, in consequence of which it was taken. The main reason urged in the bill, is, that Marshall had not completed the title, and this was the objection which Land first made, and the one which he afterwards admitted was corrected. It was the only point in dispute from the time the first enquiry was made of him, and having so fully waived that, or at least admitted that it no longer existed, we can perceive no ground for reversing the decree.
Decree of the Chancellor affirmed.